IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TONI LATIMER | : CIVIL ACTION |
| | : |
| v. | : |
| | : |
| SENN FREIGHT LINES, INC. and | : |
| MARK ABNEY | : NO. 02-CV-3562 |

**ORDER**

And now, this _____ day of _____, 2003, it is hereby **ORDERED** and **DECREED** that Defendant Senn Freight Lines, Inc.'s Motion to Enforce the Settlement Agreement is **GRANTED.** Plaintiff, Toni Latimer shall forward the executed General Release immediately.

_____
J.

797049 v.1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TONI LATIMER | : CIVIL ACTION |
| | : |
| v. | : |
| | : |
| SENN FREIGHT LINES, INC. and | : |
| MARK ABNEY | : NO. 02-CV-3562 |

**DEFENDANT, SENN FREIGHT LINES, INC.'S
<u>MOTION TO ENFORCE THE SETTLEMENT AGREEMENT</u>**

Defendant, Senn Freight Lines, Inc., by and through its attorneys, Rawle & Henderson LLP, respectfully moves this court to enforce the settlement agreement and in support thereof, avers as follows:

1. This action arises from the motor vehicle accident which occurred on May 5, 2000. As a result of this accident, plaintiff, Toni Latimer, allegedly sustained personal injuries. See copy of Complaint filed on behalf of Toni Latimer attached as Exhibit "A".

2. On January 3, 2003, this matter was arbitrated and an award was entered in favor of the plaintiff in the amount of $30,000.00.

3. On January 29, 2003, the claims were settled for $32,500.00 in exchange for a General Release. See copy of January 29, 2003 correspondence attached as Exhibit "B".

4. The settlement was again confirmed by letter dated January 29, 2003 including a copy of the General Release. See copy of January 29, 2003 correspondence and General Release attached as Exhibit "C".

5. On February 19, 2003, plaintiff received the settlement check in the amount of $32,500.00.

6. Despite two separate letters confirming the settlement agreement, defense counsel was never informed of any unwillingness of the Plaintiff to proceed with the settlement.

797049 v.1

7. On March 10, 2003, defendant again requested plaintiff forward the executed release agreement. See Correspondence attached as Exhibit "D."

8. Plaintiff's counsel has yet to forward the executed General Release in this matter.

9. In accordance with the law set forth in the Memorandum of Law submitted in support of this Motion, Plaintiff has entered into a binding agreement and it should be enforced by this Court.

10. In light of the foregoing, Defendant respectfully requests that this Court enforce the settlement agreement reached with the Plaintiff.

WHEREFORE, defendant, Senn Freight Lines, Inc., respectfully requests this Honorable Court grant its Motion to Enforce the Settlement Agreement.

                                          RAWLE & HENDERSON LLP


                                          By:_____
                                              Timothy J. Abeel, Esquire
                                              Identification No. 23104
                                              Dawn L. Jennings, Esquire
                                              Identification No. 68939
                                              The Widener Building
                                              One South Penn Square
                                              Philadelphia, PA  19107
                                              215-575-4200
                                              Attorneys for Defendant,
                                              Senn Freight Lines, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TONI LATIMER | : CIVIL ACTION |
| | : |
| v. | : |
| | : |
| SENN FREIGHT LINES, INC. and | : |
| MARK ABNEY | : NO. 02-CV-3562 |

**DEFENDANT, SENN FREIGHT LINES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO ENFORCE THE SETTLEMENT AGREEMENT**

Defendant, Senn Freight Lines, Inc., by and through its attorneys, Rawle & Henderson LLP, respectfully submits this memorandum of law in support of its Motion Enforce the Settlement Agreement among the parties and in support thereof, avers as follows:

**I.    FACTS AND PROCEDURAL HISTORY**

This action arises from the motor vehicle accident which occurred on May 5, 2000. As a result of this accident, plaintiff, Toni Latimer, allegedly sustained personal injuries. See copy of Complaint filed on behalf of Toni Latimer attached as Exhibit "A". On January 3, 2003, this matter was arbitrated and an award was entered against defendant for $30,000.00.

On January 29, 2003, the claims were settled for $32,500.00 in exchange for a General Release. See copy of January 29, 2003 correspondence attached as Exhibit "B." The settlement was again confirmed by letter dated January 29, 2003 including a copy of the General Release. See copy of January 29, 2003 correspondence and General Release attached as Exhibit "C". On February 19, 2003, plaintiff received the settlement check in the amount of $32,500.00. Despite two separate letters confirming the settlement agreement, defense counsel was never informed of any unwillingness of the Plaintiff to proceed with the settlement. On March 10, 2003, counsel for the defense again requested plaintiff forward the executed settlement agreement. Plaintiff's counsel has yet to forward the executed General Release in this matter. Therefore, defendant requests this Honorable Court enforce the settlement agreement.

797049 v.1

II.	**LEGAL ARGUMENT**

It is well settled law that a District Court has jurisdiction to enforce a settlement agreement entered into it by litigants in a case pending before it.  <u>Pugh v. Superfresh Food Markets, Inc.,</u> 640  F.  Supp. 1306, 1307 (E.D. Pa. 1986), citing <u>Rosso v. Food Sales, Inc.</u>, 500 F. Supp. 274, 276 (E.D. Pa. 1980); <u>Rudinger v. Insurance Data Processing, Inc.</u>, 816 F. Supp. 371(E.D.  Pa. 1993).  This jurisdiction is found in the policy favoring amicable adjustments in costs in a time consuming litigation. <u>Pugh</u> at 276.

An agreement to settle is binding whether or not it is reduced to writing.  <u>Good v. Pennsylvania Railroad Company,</u> 384 F.2d 989, (3d. Cir. 1967).  "The obligation to remain bound by a valid agreement of settlement duly entered in to by counsel with the authority of this his client is one which pervades the law."  <u>Green v. John H.  Lewis & Co.</u>, 436 F.2d 389, 390 (3d. Cir. 1970).  The only essential prerequisite for a valid agreement is that the parties mutually consent the terms and conditions of the settlement agreement.  <u>Mainline Theatres, Inc. v. Paramount Filming Distribution Corporation</u>, 298 F.2d 801, 803 (3d. Cir.), cert. denied,  370 U.S. 939 (1962).  A settlement agreement is still binding even if a party has a change of heart between the time he orally agreed to the terms of the settlement and when those terms were reduced to writing.  <u>Pugh</u> at 1308, *citing*,  <u>Gross Penn Mutual Life Insurance Co.</u>, 396 F. Supp. 373, 375 (E.D. Pa.  1975); <u>Maree v.  Reebok U.S.A. Limited, Inc.</u>, U.S. District Court, E.D. Pa., Civ. No. 87-0989 (April 24, 1989, McGlynn, J.).

In the present case, arbitration was January 3, 2003 which the parties arbitrated the above matter.  During the arbitration, the arbitrators found in favor of Defendant in the amount of $30,000.00.  On January 29, 2003, the parties entered into a settlement agreement for $32,500.00 in exchange for a General Release of all claims.  On the same day, a General Release was forwarded to Plaintiff's counsel for plaintiff's signature.  On February 19, 2003, Defendant's

797049 v.1	2

insurer forwarded the settlement check to Plaintiff's counsel.  On March 10, 2003, defendant again requested plaintiff forward the executed release agreement.   Plaintiff has yet to forward the release agreement. There is no doubt that the parties entered into a valid and binding settlement agreement in this case.

As plaintiff has failed to set forth any reason whatsoever to justify vacating the settlement agreement, Defendant requests this Court to enforce the terms that are legally bound in the settlement agreement that was reached in the lawsuit.

### III.  CONCLUSION

For the foregoing reasons, defendant Senn Freight Lines, Inc.  respectfully requests this Honorable Court grant its Motion to Enforce Settlement and require defendant to forward the executed settlement agreement.

RAWLE & HENDERSON LLP

By:_____
　　Timothy J. Abeel, Esquire
　　Identification  No. 23104
　　Dawn L. Jennings, Esquire
　　Identification No. 68939
　　The Widener Building
　　One South Penn Square
　　Philadelphia, PA  19107
　　215-575-4200
　　Attorneys for Defendant,
　　Senn Freight Lines, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within-captioned Senn Freight Lines, Inc.'s Motion to Enforce the Settlement Agreement was served via first-class U.S. mail, postage prepaid, on counsel for plaintiffs, on the date noted below, addressed as follows:

> Donald C. Marino, Esquire
> Law Offices of Marvin Lundy, LLP
> 1635 Market Street, 19th Floor
> Philadelphia, PA  19103
> Attorney for Plaintiff

> RAWLE & HENDERSON LLP
>
>
> By:_____
> Timothy J. Abeel, Esquire
> Identification  No. 23104
> Dawn L. Jennings, Esquire
> Identification No. 68939
> The Widener Building
> One South Penn Square
> Philadelphia, PA  19107
> 215-575-4200
> Attorneys for Defendant,
> Senn Freight Lines, Inc.

DATED:     May 7, 2003

797049 v.1